[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 22, 2000
THOMAS K. KAHN
CLERK

No. 97-5931

D. C. Docket No. 97-00062-CV-JAL

MAZZONI FARMS, INC., a Florida corporation,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY, a
Delaware corporation, d.b.a. Dupont, CRAWFORD &
COMPANY, a Georgia Corporation,

Defendants-Appellees.

_____

No. 97-5932

D.C. Docket No. 97-00063-CIV-JAL

JACK MARTIN GREENHOUSES, INC., f.k.a. M & M
ORNAMENTALS, INC., and JACK MARTIN,

Plaintiffs-Appellants,

versus

E.I. DUPONT DE NEMOURS AND COMPANY, d.b.a.
Dupont,

Defendant-Appellee.

Appeals from the United States District Court
for the Southern District of Florida

**(August 22, 2000)**

Before ANDERSON, Chief Judge, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs Mazzoni Farms and Jack Martin, commercial nurseries whose plants were allegedly damaged by a DuPont product called Benlate, appealed the district court's order dismissing their fraudulent inducement claims under

Fed.R.Civ.P. 12(b)(6). Because the issues presented involved a choice-of-law provision for which there was no definitive Florida precedent, we certified the following two questions to the Supreme Court of Florida:

(1) Does a choice-of-law provision in a settlement agreement control the disposition of a claim that the agreement was fraudulently procured, even if there is no allegation that the choice-of-law provision itself was fraudulently procured?

(2) If Florida law applies, does the release in these settlement agreements bar plaintiffs' fraudulent inducement claims?

The Supreme Court of Florida has answered the first certified question in the affirmative and the second certified question in the negative, with respect to the plaintiffs whose causes of action are controlled by Florida law.[1] *See Mazzoni Farms, Inc., v. E.I. DuPont De Nemours & Co.,* ___ So.2d ___, 25 Fla. L. Weekly S446 (Fla. 2000). Moreover, the Delaware Supreme Court recently held that a release in a settlement agreement does not bar a nursery's claim for fraud in the

---

[1]In an earlier order, this court consolidated the present appeals with appeals numbered 97-5696, 97-5697, 97-5698, 97-5699, and 97-5700. The present appeals (Nos. 97-5931 and 97-5932) contain Delaware choice of law provisions, while some of the consolidated appeals do not. Accordingly, on July 20, 2000, this court entered an order unconsolidating the appeals, which means that this opinion affects appeals Nos. 97-5931 and 97-5932 only.

inducement of the release. *See E.I. DuPont De Nemours & Co. v. Florida*

*Evergreen Foliage,* 744 A.2d 457 (Del. 1999). Since the Supreme Court of Florida

held that the Delaware choice-of-law provision in the settlement agreement

controlled the disposition of the fraudulent inducement claim, the Delaware

Supreme Court's opinion is binding on the parties.

In light of the Supreme Court of Florida's opinion, attached hereto as an

appendix, as well as the Delaware Supreme Court's opinion, we reverse the district

court's order dismissing the plaintiffs' claims and remand this case for further

proceedings consistent with the Supreme Court of Florida's opinion.[2]

REVERSED and REMANDED.

---

[2] In a letter to this court, DuPont argues alternatively that this court can affirm the district court's order of dismissal because the plaintiffs, having settled claims of actual fraud against DuPont, could not have "justifiably relied" on any alleged misrepresentations or omissions by DuPont in connection with the settlement of their underlying claims. We note that the district court did not address this issue in its order, so neither do we. *See Singleton v. Wulff,* 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *see also Baumann v. Savers Federal Sav. & Loan Ass'n,* 934 F.2d 1506, 1512 (11th Cir. 1991) (courts generally will not address an issue that has not been decided by the trial court). On remand, the district court should consider DuPont's argument.

4